Curia, per
O’Neall J.
. We are satisfied with the decision of the Judge below. It has been again and again ruled;,that the presumption of performance of the condition, upon an official bond, from the lapse of time, will arise, as well as the presumption of payment of a money bond. It is no objection that the State is the party against whom the presumption is set up. It is'true, that the maxim “nullum tern-pus occurrit regi,” applies to the State, but by that I understand that the King, in England, and the State, here, cannot be barred by the statute, of limitations. A legal presumption is not set up as a statutory bar. It is a legal conclusion after the lapse of twenty years (without some countervailing proof,) that a fact then existed,- (which cannot now be proved,) sufficient to defeat the right of the State. Such as that the State, twenty years ago, granted a tract of land, or received the money charged on the books of the Treasury against Sheriffs, Ford and Ferguson. The motion is dismissed.
JOHN BELTON O’NEALL. .
We concur: J. S. Richardson, Josiah J. Evans, B. J. Earle, A. P. Butler, D. L. Warlaw.